**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| JULIE SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA, et al.,<br><br>    Defendants. | Case No.: C 05-0275 JF (PVT)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY** |

On May 4, 2006, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiff's Motion for Leave to Conduct Discovery.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiff's motion[2] is GRANTED for the reasons stated here. However, the scope of discovery in this case is limited to: 1) the administration of Plaintiff's claim; 2) communications regarding administration of Plaintiff's claim; and 3) Defendants' policies

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This motion is technically unnecessary, because discovery is open and no order precluding discovery has been issued. Where the scope of discovery in ERISA cases is not determined in the first Case Management Conference (when discovery has just opened), the usual means for raising the issue is via a motion for protection brought by the ERISA defendants. *See, e.g., Frost v. Metropolitan Life Ins. Co.*, 414 F.Supp.2d 961 (C.D. Cal. 2006).

ORDER, *page 1*

and procedures for administering claims under the specific plan at issue in this action (*not* "any" ERISA plan administered by Defendants).

The reasoning in the case primarily relied on by Defendants, *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276 (C.D. Cal. 1998),[3] was rejected in the better-reasoned case, *Klund v. High Technology Solutions, Inc.*, 417 F.Supp. 1155 (S.D. Cal. 2005). As noted by the judge in *Klund*, "the only effective way for an ERISA plaintiff to enforce the right to present evidence of conflict of interest is to preserve his or her ability to discover such evidence. * * * * the *Newman* rule, as explained above, results in granting such a plaintiff a right without a remedy."

Nothing in ERISA expressly modifies the scope of discovery, which encompasses "any matter, not privileged, that is relevant to the claim or defense of any party." *See* FED.R.CIV.PRO. 26(b)(1). Limitations on this scope of discovery is available under Rule 26(c), which authorizes the court to protect a party from undue burden or expense. In that regard, to the extent it appears in a given ERISA case that discovery would be unlikely to lead to any admissible evidence, a protective order limiting the scope of discovery–or even precluding discovery–may be appropriate.

In the present case, Defendants have not shown that a complete bar on discovery is warranted. Clearly there was some degree of irregularity in the handling of Plaintiff's claim. She is entitled to conduct *some* discovery into whether that irregularity warrants application of *de novo* review when the District Court reviews the merits of her case, as well as into whether the irregularities amounted to a breach of duty to administer the plan that warrants relief under Section 502(a)(3) of ERISA.

IT IS FURTHER ORDERED that, absent further order of the court or written agreement of the parties, the parties shall be limited to fifteen requests for production per side, fifteen interrogatories per side, fifteen requests for admission per side, and three depositions per side.

Dated: *5/4/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] The other case relied on by Defendants, *Brown v. Hartford Life and Accident Ins. Co.*, 2004 U.S. Dist. LEXIS 5059 (N.D. Cal. 2004), is an unpublished decision.

ORDER, *page 2*