**E-Filed 5/5/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIE SCOTT, | Case Number C 05-275 JF (PVT) |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | [RE:  Doc. No. 25] |

    Defendants move for judgment on the pleadings with respect to Plaintiff's second claim for injunctive relief.  The Court has considered the parties' briefs as well as the oral argument presented at the hearing on May 5, 2006.  For the reasons discussed below, the motion will be granted with leave to amend.

## I. BACKGROUND

    This is an ERISA[1] action arising out of the denial of Plaintiff's claim for disability benefits under Defendant Cisco Systems, Inc. Long-Term Disability Plan ("the Plan").  In January 2001, Plaintiff applied for short-term disability benefits under the Plan, claiming that the

_____

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*.

birth of her son that month had given rise to a debilitating flare of preexisting fibromyalgia that rendered her completely unable to work.  Defendants initially granted benefits, but denied an application for extension of benefits in April 2001.  Plaintiff returned to work twenty-four hours per week in October 2001 in a new position that allowed her to work from home with flexible hours.  Defendants finally approved Plaintiff's claim for extension of her short-term disability benefits in April 2002, approximately one year after her request for extension was made, and at that time sent Plaintiff's claim to its long-term disability department for consideration of further benefits.

The Plan provides long-term benefits when a participant is limited from performing the material and substantial duties of her regular occupation due to sickness or injury and has a 20% or more loss in monthly earnings as a result.  The Plan also provides long-term benefits when the participant is disabled but is working part-time, according to a formula set forth in the Plan. After twenty-four months of benefits have been paid, benefits are terminated if and when the participant earns more than 60% of pre-disability earnings.

Approximately five months after Plaintiff's claim had been referred to the long-term disability department, Defendants approved the claim for long-term benefits retroactive to July 2001.  However, Defendants stated that this approval was "under a reservation of rights," and further stated that instead of bringing Plaintiff's benefits current, Defendants would pay Plaintiff's benefits on a monthly basis but fourteen months in arrears.  That is, Defendants would pay Plaintiff's July 2001 benefit in September 2002, her August 2001 benefit in October 2002, and so on.

In November 2002, Plaintiff protested this method of paying past due benefits. Defendants immediately ceased paying long-term benefits without notice or explanation (after having paid three months of benefits), and in January 2003 sent Plaintiff a letter denying long-term benefits retroactive to October 2001.  Plaintiff's request for review was denied in July 2003. In December 2003, Plaintiff increased her work hours to 75% time, making her ineligible for further partial-disability benefits.  Plaintiff claims past due long-term disability benefits under the Plan.

2

1   In her operative first amended complaint, Plaintiff asserts two claims under ERISA.  Her

2   first claim is for past due benefits under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), which

3   section permits a plan participant to bring a civil action to recover benefits due under the terms of

4   the plan.  Defendants concede that this claim is pled adequately, and thus the first claim is not at

5   issue in the instant motion.  Plaintiff's second claim is for injunctive and other equitable relief

6   under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Defendants argue that Plaintiff cannot bring a

7   claim under § 502(a)(3) as a matter of law.

8                               **II. LEGAL STANDARD**

9   The standard applicable to a motion for judgment on the pleadings is essentially the same

10  as that applicable to a motion to dismiss.  In reviewing a motion for judgment on the pleadings,

11  the Court views the facts presented in the light most favorable to the plaintiff, accepting as true

12  all the allegations in the complaint and treating as false those allegations in the answer that

13  contradict the plaintiff's allegations.  *Hoeft v. Tucson Unified School District*, 967 F.2d 1298,

14  1301 n. 2 (9th Cir. 1992); *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477,

15  479 (C.D. Cal. 1993).

16                               **III. DISCUSSION**

17  Section 502(a)(3) provides that a plan participant, beneficiary or fiduciary may bring a

18  civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or

19  the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such

20  violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C.

21  § 1132(a)(3).  Plaintiff alleges that Defendants failed to provide a reasonable claim procedure

22  when they failed to make a decision on her long-term disability benefits claim for fourteen

23  months, paid her some long-term benefits under a "reservation of rights" although such

24  reservation was not permitted under the plan, and paid her benefits fourteen months in arrears.

25  Plaintiff seeks injunctive relief to prohibit Defendants from engaging in such conduct in the

26  future, and also seeks a declaration that Defendants' conduct violated the plan.

27  It appears that Plaintiff lacks standing to seek prospective injunctive relief regarding

28  administration of claims under the Plan.  To establish standing, Plaintiff must demonstrate:  (1)

3

1  that she has suffered an injury-in-fact; (2) that there is a causal connection between the injury and

2  the conduct complained of; and (3) that it is likely that her injury will be redressed by a

3  favorable decision on her claim.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir. 2000).  Here

4  Plaintiff clearly has alleged an injury-in-fact arising out of Defendants' allegedly improper claims

5  procedures – nonpayment of benefits – and a causal connection between the nonpayment of

6  benefits and Defendants' conduct.  However, Plaintiff cannot allege or prove that her injury –

7  again, nonpayment of benefits – will be redressed by *prospective* injunctive relief.  Plaintiff

8  claims that Defendants failed to pay her benefits to which she was and is entitled as a result of a

9  *past* disability.  That injury will be redressed, if at all, through her claim for past due benefits

10  under § 502(a)(1).  Plaintiff has not alleged a claim for future benefits, or demonstrated a

11  likelihood of such claim, and therefore has no standing to seek injunctive relief with respect to

12  the handling of future claims under the Plan.

13       The Court has reviewed the relevant cases addressing § 502(a)(3), and has not discovered

14  any case in which a plaintiff whose sole claim was for past benefits, and who had a viable claim

15  for such benefits under § 502(a)(1), was permitted to pursue a claim for injunctive relief under §

16  502(a)(3) based upon a desire to effect general plan reform.  In the cases in which a § 502(a)(3)

17  claim was allowed to proceed, the injunctive relief sought was intended to alleviate specific harm

18  then being suffered by the plaintiffs, not speculative future harm.  *See Varity v. Howe*, 516 U.S.

19  489, 515 (1996) (permitting § 502(a)(3) claim for injunctive relief that would reinstate plaintiffs

20  into the plan when plaintiffs had no adequate remedy under § 502(a)(1) or (a)(2)); *Rawls v.*

21  *Unum Life Ins. Co. of Amer.*, 219 F.Supp.2d 1063, 1067  (C.D. Cal. 2002) (permitting §

22  502(a)(3) claim for injunctive relief to re-open plaintiffs' claims to allow for appellate review of

23  denial of benefits).  The Supreme Court expressly has stated that where the ERISA statute

24  elsewhere provides adequate relief for a beneficiary's injury, equitable relief under § 502(a)(3)

25  normally will not be appropriate.  *Varity*, 516 U.S. at 515.

26       Because this is the first time a challenge has been raised to Plaintiff's claim under §

27  502(a)(3), and because Plaintiff appears convinced that she can state a claim under that section if

28  given leave to amend, the Court will afford Plaintiff the opportunity to demonstrate that she does

4

1  have standing to pursue the claim.  However, the Court has serious reservations as to whether

2  Plaintiff can allege facts sufficient to state a claim under § 502(a)(3) in light of the analysis set

3  forth above and Plaintiff's concession during the hearing that there is no present basis for a belief

4  that Plaintiff will have a future claim for benefits under the Plan.  Any amended complaint shall

5  be filed and served within thirty days after service of this order.

6                                              **IV. ORDER**

7        Defendants' motion for judgment on the pleadings with respect to the second claim is

8  GRANTED WITH LEAVE TO AMEND.  Any amended complaint shall be filed and served

9  within thirty days after service of this order.

10

11

12

13

14  DATED:  5/5/06

15

16                                              _____
                                                JEREMY FOGEL
17                                              United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-275 JF (PVT)
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND
(JFLC2)

1   This Order was served on the following persons:

2

3   Horace W. Green     horaceg@lifehealthlaw.com, zhongl@lifehealthlaw.com

4   Claire Kennedy-Wilkins     ckwilkins@lewisfeinberg.com, egsiegel@lewisfeinberg.com;
    mwgould@lewisfeinberg.com

5

    Teresa S. Renaker     trenaker@lewisfeinberg.com, egsiegel@lewisfeinberg.com
6

    Joanne M. Ryan     joanner@lifehealthlaw.com, zhongl@lifehealthlaw.com, ;
7   markh@lifehealthlaw.com, ; horaceg@lifehealthlaw.com

8   Cassie Springer-Sullivan     cssullivan@lewisfeinberg.com, mwgould@lewisfeinberg.com;
    egsiegel@lewisfeinberg.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-275 JF (PVT)
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND
(JFLC2)