1

2          **E-Filed 3/2/07**

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   JULIE SCOTT,                          Case Number C 05-275 JF (PVT)

13                  Plaintiff,             ORDER[1] (1) GRANTING IN PART
                                           PLAINTIFF'S MOTION FOR
14          v.                             ATTORNEYS' FEES, COSTS,
                                           EXPENSES AND PREJUDGMENT
15   UNUM LIFE INSURANCE COMPANY OF        INTEREST; AND (2) DENYING
     AMERICA, et al.,                      DEFENDANTS' MOTION FOR
16                                         ATTORNEYS' FEES AND COSTS
                  Defendants.
17
                                           [re:  doc. nos. 69, 74]
18

19

20

21          The parties have filed cross-motions for attorneys' fees, costs and expenses.  Plaintiff

22   additionally seeks prejudgment interest.  The Court has considered the briefing as well as the oral

23   arguments presented at the hearing on March 2, 2007.  For the reasons discussed below,

24   Plaintiff's motion will be granted in part, and Defendants' motion will be denied.

25

26

27   ───────────────

28          [1] This disposition is not designated for publication and may not be cited.

**I. BACKGROUND**

In this ERISA[2] action, Plaintiff Julie Scott ("Scott") sued Defendants Unum Life Insurance Company of America ("Unum") and Cisco Systems, Inc. Long-Term Disability Plan ("the LTD Plan") for wrongful denial of long-term disability benefits under the LTD Plan. Scott asserted two claims: a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) and a claim for injunctive relief under § 1132(a)(3). The Court granted Defendants' motion for judgment on the pleadings as to the (a)(3) claim, and granted Defendant Unum's motion for summary judgment as to the (a)(1)(B) claim on the ground that Unum was not a proper party to that claim. The Court granted summary judgment for Scott on her (a)(1)(B) claim against the LTD Plan, finding that Scott was entitled to benefits for the period covered by the "own occupation" definition and remanding for consideration of her entitlement to benefits for the period covered by the "any occupation" definition.

Scott seeks attorneys' fees, costs, expenses and prejudgment interest. Defendants concede that Scott is entitled to an award of reasonable attorneys' fees, but argue that her claim for fees is inflated, that she is not entitled to fees incurred in prosecuting her ultimately unsuccessful (a)(3) claim, and that she is not entitled to prejudgment interest. Defendants seek fees and costs with respect to their defense of Scott's (a)(3) claim.

**II. LEGAL STANDARD**

ERISA provides that a "court in its discretion may allow a reasonable attorney's fees and costs of action to either party." 29 U.S.C. § 1132(g)(1). In general, a court considering whether to award attorney's fees and costs under ERISA must consider five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees would deter others from breaching duties under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453

---

[2] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*

2

1  (9th Cir. 1980); *see also Landwehr v. DuPree*, 72 F.3d 726, 739 n.5 (9th Cir. 1995).

2      The Court has discretion to award prejudgment interest to an ERISA plaintiff.  "Whether

3  to award prejudgment interest to an ERISA plaintiff is a question of fairness, lying within the

4  court's sound discretion, to be answered by balancing the equities."  *Landwehr*, 72 F.3d at 739

5  (internal citation and quotations omitted).

6                          **III. DISCUSSION**

7  **A.  Defendants' Motion For Attorneys' Fees And Costs**

8      Defendants seek $29,307.51 in attorneys' fees and costs related to their defense of Scott's

9  ultimately unsuccessful (a)(3) claim.  "[T]he *Hummell* factors very frequently suggest that

10 attorney's fees should not be charged against ERISA plaintiffs."  *San Francisco Culinary,*

11 *Bartenders and Service Employees Welfare Fund v. Lucin* 76 F.3d 295, 297 (9th Cir. 1996)

12 (internal quotation marks and citations omitted).  This case falls within that general rule.

13 Although the Court granted judgment for Defendants on Scott's (a)(3) claim, there is no

14 indication in the record that the (a)(3) claim was frivolous or brought in bad faith (factor 1).

15 Scott is an individual suffering from a long-term disability; satisfaction of the requested fee

16 award likely would impose financial hardship upon her (factor 2).  An award of fees against Scott

17 might deter plaintiffs from suing under ERISA in the future, but that is not the type of deterrence

18 the fee statute seeks to promote (factor 3).  Defendants did not resolve any significant legal

19 questions (factor 4).  Scott prevailed on the bulk of her claims; thus the parties' positions in this

20 litigation do not favor an award of fees to Defendants (factor 5).  Accordingly, Defendants'

21 motion will be denied.

22 **B.  Plaintiff's Motion For Attorneys' Fees, Costs, Expenses And Prejudgment Interest**

23      Scott seeks $96,236.50 in attorneys' fees, $1,631.61 in litigation costs and expenses, and

24 an additional $7,500 in attorneys' fees for bringing the present motion, for a total award of

25 $105,368.11.  She also seeks prejudgment interest.

26      The first three *Hummell* factors weigh in favor of a substantial attorneys' fees award.  The

27 Court finds some degree of culpability on the part of the LTD Plan (factor 1).  While the Court's

28 order of December 7, 2006, addressing the parties' summary judgment motions, did not expressly

                                3

1   find bad faith on the part of the LTD Plan, the order did note the following:  although Scott

2   became eligible for long-term disability benefits in July 2001, she was not even referred to

3   Unum's long-term disability department until April 2002, at which time Unum began a new

4   investigation into her claim (after previously awarding short term disability benefits); Unum did

5   not render a decision on Scott's long-term disability claim until January 2003, a year and a half

6   after Scott became eligible for long-term disability benefits; and then Unum denied Scott's claim

7   even though *all* of the doctors concluded that she was disabled, basing its denial upon a

8   functional capacity evaluation that was conducted by a person who was not a doctor and that did

9   not apply the proper "own occupation" standard of disability.  Moreover, the LTD Plan clearly

10   can satisfy an award of attorneys' fees (factor 2).  An award of fees might well deter the LTD

11   Plan from future excessive delays and sloppiness in evaluating benefits claims (factor 3).

12         Factors 4 and 5 support a modest reduction in the requested fee award.  The claim on

13   which Scott prevailed was solely for her own benefit, not for the benefit of plan participants as a

14   whole (factor 4).  Moreover, while Scott substantially prevailed in this action, she did not prevail

15   on her (a)(3) claim (factor 5).  As discussed above, the Court is not inclined to award attorneys'

16   fees to Defendants based upon Scott's failure to prevail on the (a)(3) claim, but the Court will

17   consider this failure as one of the equities that should be balanced in arriving at an appropriate

18   fee award.

19         Defendants argue that additional reductions in the proposed award should be made

20   because Scott's attorneys' hourly rates are excessive and there was duplication of effort when

21   both a partner and an associate attended certain events.  The Court concludes that the hourly rates

22   charged by Scott's attorneys are reasonable in light of their expertise in the area.  The Court notes

23   that these attorneys' normal rates previously have been approved in other cases.  The Court is not

24   persuaded that the attendance of both a partner and an associate at hearings necessarily

25   constitutes duplication of effort that justifies a reduction in fees.  Accordingly, the Court will

26   award the substantial majority of the fees and costs requested, less an appropriate reduction to

27   reflect the parties' positions on the (a)(3) claim.  Having examined the parties' briefs on this

28   latter issue, as well as the records submitted by Scott's counsel, the Court concludes that an

4

1  award of attorneys' fees, costs and expenses in the total amount of $80,000 is fair and

2  reasonable.

3         Defendants argue that an award in this amount would be unreasonable, given that only

4  $48,785 in benefits were at issue in this case.  This argument is unpersuasive.  The fact that Scott

5  was required to incur more than $100,000 in attorneys' fees was the result of Defendants' refusal

6  to acknowledge that their denial of benefits was wrongful.  Scott was entitled to benefits

7  commencing in July 2001.  It is now March 2007, and based upon the record before the Court, it

8  appears that Scott *still* has not been paid the benefits to which she is entitled.  Accordingly, the

9  Court is untroubled by the fact that the award for fees and costs exceeds the benefits that Scott

10  recovered in this action.

11         The Court also concludes that an award of prejudgment interest is appropriate given the

12  lengthy delay in payment of benefits for which Scott became eligible in 2001.  The Ninth Circuit

13  has held that when an award of prejudgment interest is appropriate in ERISA cases, "the interest

14  rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the

15  rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities

16  of that particular case require a different rate."  *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237

17  F.3d 1154, 1164 (9th Cir. 2001).  The Court is not persuaded that the equities in this case require

18  a different rate, and so will award prejudgment interest with respect to the benefits at the federal

19  rate set forth in 28 U.S.C. § 1961.

**IV. ORDER**

21    (1)    Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.  Plaintiff is
              awarded a total of $80,000 in reasonable attorneys' fees, costs and expenses, plus
22            prejudgment interest at the rate set forth in 28 U.S.C. § 1961; and

23    (2)    Defendants' motion is DENIED.

25  DATED:  3/2/07

27  _____
    JEREMY FOGEL
    United States District Judge

5

1   This Order was served on the following persons:

2

3   Horace W. Green      horaceg@lifehealthlaw.com, zhongl@lifehealthlaw.com

4   Claire Kennedy-Wilkins      ckwilkins@lewisfeinberg.com, celder@lewisfeinberg.com;
    vmartin@lewisfeinberg.com

5
    Teresa S. Renaker      trenaker@lewisfeinberg.com, celder@lewisfeinberg.com;
6   vmartin@lewisfeinberg.com

7   Joanne M. Ryan      joanner@lifehealthlaw.com, zhongl@lifehealthlaw.com, ;
    markh@lifehealthlaw.com, ; horaceg@lifehealthlaw.com

8
    Cassie Springer-Sullivan      cssullivan@lewisfeinberg.com, vmartin@lewisfeinberg.com;
9   celder@lewisfeinberg.com; esimon@lewisfeinberg.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-275 JF (PVT)
ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES ETC.
(JFLC2)